1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD LOLLOCK, et al.,

Plaintiffs,

v.

OAKMONT SENIOR LIVING, LLC,

Defendant.

Case No. 17-cv-05912-JSW

**ORDER TO SHOW CAUSE RE HOME STATE AND LOCAL CONTROVERSY EXCEPTIONS**

Re: Dkt. No. 1

On October 16, 2017, Defendant Oakmont Senior Living, LLC ("Oakmont"), filed a Notice of Removal, in which it asserts that the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. section 1332(d). Defendant asserts that "numerous members of the proposed class of Plaintiffs are citizens of a different state from Oakmont." (Notice of Removal, ¶ 11; *see also* Declaration of Nicole Wesner, ¶¶ 2-3.) Oakmont also asserts that as an "unincorporated association," under CAFA it is a citizen of California. (Notice of Removal, ¶ 10; Declaration of Joe Lin, ¶ 2; Notice of Removal, Ex. 3.)

CAFA contains a "local controversy" exception, which provides that a "'district court *shall* decline to exercise jurisdiction' over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9thc Cir. 2007) (quoting 28 U.S.C. § 1332(d)(4)) (emphasis added). Specifically, Section 1332(d)(4)(A) provides that a court shall decline to exercise jurisdiction over:

(A)(i) over a class action in which--

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant--

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

CAFA also contains a "home-state controversy" exception, which provides that a court shall decline to exercise jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *see also Serrano*, 478 F.3d at 1022-23. Although these exceptions are not jurisdictional, in light of the allegations in the Complaint and Oakmont's apparent citizenship, the Court HEREBY ORDERS Oakmont to show cause why this case does not fall within the exceptions outlined in Section 1332(d)(4)(A) or Section 1332(d)(4)(B), and, thus, why the case should not be remanded. *See, e.g., Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014-GPC-BLM, 2017 WL 2813712, at \*2 (S.D. Cal. June 28, 2017) (raising issue *sua sponte*); *Bey v. SolarWorld Industries America, Inc.*, 904 F. Supp. 2d 1103, 1108 (D. Or. 2012) (same).

Oakmont's response to this Order to Show Cause shall be due by November 1, 2017. If the Court determines a response from the Plaintiffs is warranted, it will issue a further order setting a deadline by which Plaintiffs should respond.

**IT IS SO ORDERED.**

Dated: October 25, 2017

_____
JEFFREY S. WHITE
United States District Judge

2